43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter David MORGAN, Plaintiff-Appellant,
v.
F.T. MacDONALD; White Pine County School Board; R.
Angelone; George Deeds; S. Godinez; C. Wolff;
W. Reid, Defendants-Appellees.
 No. 92-16643.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Sept. 12, 1994.
Submitted Sept. 16, 1994.
Decided Dec. 2, 1994.
 
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Morgan's appointed counsel raised two issues in the supplemental brief he submitted, which we've addressed in a separate published opinion. We now address the remaining five issues plaintiff has raised in his pro se brief.
 
 
 3
 1. Morgan's ineligibility for minimum wage under the Fair Labor Standards Act (FLSA) doesn't violate equal protection. The primary goal of the FLSA is to ensure a minimum standard of living for workers; Congress hardly acted irrationally in excluding individuals for whom food, shelter and clothing are provided by the state.
 
 
 4
 2. Morgan's due process rights weren't violated by the prison's refusal to pay him minimum wage under Nevada law, because only private sector employees are entitled to receive the state-mandated minimum wage. See Nev.Rev.Stat. Secs. 608.250, 608.0113. Even if we were to assume that Nevada's minimum wage law applies to prisoners, Morgan wouldn't be covered: both the prison and the White Pine County School Board are public agencies.
 
 
 5
 3. Nor were Morgan's due process rights violated when he was paid after the 15th of the month on several occasions. The delay amounted to as little as one day; this de minimis deprivation of property doesn't rise to the level of a constitutional violation.
 
 
 6
 4. Morgan argues that Nev.Rev.Stat. Sec. 212.010 entitles prisoners to receive minimum wage under state law. This section has nothing to do with the minimum wage; as noted above, Nev.Rev.Stat. Secs. 608.250 and 608.0113 define the class of individuals eligible to receive minimum wage under Nevada law.
 
 
 7
 5. Morgan claims that MacDonald, in his capacity as Labor Commissioner, should have prosecuted the other defendants for violations of state and federal minimum wage laws. MacDonald couldn't enforce the state minimum wage law on Morgan's behalf because Morgan wasn't covered by the Nevada statute. Nor could MacDonald have attempted to enforce the federal minimum wage law, given that he was statutorily authorized to enforce only Nevada's labor laws. See Nev.Rev.Stat. Sec. 607.160(1).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3